IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. PARIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5231 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
|     Defendant. | : | |

MEMORANDUM

McHUGH, J.                                                                                           DECEMBER 27, 2021

Plaintiff Thomas J. Paris, a prisoner incarcerated at SCI-Dallas brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims against the Commonwealth of Pennsylvania in connection with events that occurred while he was incarcerated at SCI-Chester. Paris seeks to proceed *in forma pauperis*. The Court will grant Paris leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice for failure to state a claim.[1]

I.     FACTUAL ALLEGATIONS

Mr. Paris alleges that on December 11, 2019, while he was incarcerated at SCI-Chester, he was "escorted off the DA Housing Unit" by Correctional Officer McGregor and Lieutenant

---

[1] "[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). "Therefore, as a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, Civ. A. No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, Civ. A. No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Accordingly, the Court will address the Amended Complaint as the operative pleading in this matter.

1

White "for denial to lock into an unsafe cell environment."² (ECF No. 6 at 3.) As he was being escorted, Paris was ordered to "back onto the elevator" while he was handcuffed, which he alleges caused him to trip on an uneven area of the floor and lose his balance. (*Id.*) Correctional Officer McGregor, who is not named as a Defendant, "pull[ed] on [Paris's] left arm" when he lost his balance (presumably to catch Paris as he fell), which caused Paris to dislocate his left shoulder. (*Id.* at 3 & 4.) Paris alleges that the injury was "reported to medical" and he was treated with pain medication "for continued pain." (*Id.* at 3.) Paris also indicates that, in addition to pain medication, he received x-rays, shoulder exercises, and cortisone injections for his shoulder. (*Id.* at 4.)

Based on those allegations, Paris brings constitutional claims for failure to protect and denial of adequate medical care.³ (*Id.* at 2.) He also appears to be bringing negligence claims under state law. (*Id.*) Paris seeks damages to compensate him for his injuries. (*Id.* at 4.)

---

² The Court understands the unsafe environment to refer to the situation on the housing unit after an inmate set fire to his mattress, causing smoke on the housing unit. Paris's initial Complaint in this matter was based on the fire (ECF No. 1) and he previously filed a lawsuit raising claims related to the fire, which was ultimately dismissed. *See Paris v. Lamas*, Civ. A. No. 20-3700 (E.D. Pa.). The Court does not understand Paris to be pursuing any claims related to the fire in this case in light of his Amended Complaint, which appears to have abandoned those claims. In any event, any such claims would be barred by claim preclusion due to the Court's prior judgment. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (explaining that the doctrine of *res judicata*, also known as claim preclusion, bars claims that were brought or could have been brought in a previous action); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) ("A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim.").

³ Although Paris refers to the Fourteenth Amendment as the basis for his medical claims, it appears that he was a convicted and sentenced inmate at the time of relevant events, which means the Eighth Amendment, rather than the Fourteenth Amendment, governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Regarding his "failure to protect" claim, the Court understands Paris to be alleging that the Commonwealth did not protect him from the unsafe condition of the floor. However, allegations about the condition of the floor are better

**II.     STANDARD OF REVIEW**

The Court grants Mr. Paris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Paris is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

**III.    DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

understood as a challenge to Paris's conditions of confinement rather than a failure to protect claim.

[4] However, as Paris is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity here. *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth is not considered a "person" for purposes of § 1983. *See Will*, 491 U.S. at 69. For these reasons, Paris cannot state a § 1983 claim against the Commonwealth, which is the only named Defendant in this case. Eleventh Amendment immunity also precludes Paris from asserting his negligence claim against the Commonwealth in federal court. *See Brooks v. Beard*, 167 F. App'x 923, 926 (3d Cir. 2006) (*per curiam*) (noting, with regard to inmate's negligence claims, that "the state has expressly retained its Eleventh Amendment immunity for purposes of federal lawsuits").

Furthermore, Paris has not alleged a basis for a constitutional violation here. It appears Mr. Paris is alleging that the uneven floor that led him to lose his balance amounted to an unconstitutional condition of confinement. "To determine whether prison officials have violated the Eighth Amendment, we apply a two-prong test: (1) the deprivation must be 'objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities'; and (2) the prison official must have been 'deliberate[ly] indifferen[t] to inmate health or safety.'" *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Such necessities include food, clothing, shelter, medical care, and reasonable safety. *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). Paris's allegation that the floor was "uneven" and "in need of repairs" at most asserts negligence, rather than an objectively serious condition that amounts to a constitutional violation. *See Hall-Wadley v. Maint. Dep't*, 386 F. Supp. 3d

512, 517 & n.27 (E.D. Pa. 2019) ("[M]any . . . courts, including the [United States Court of Appeals for the] Third Circuit, have reasoned that slip-and-fall injuries stemming from slippery prison surfaces are more within the realm of ordinary negligence, and thus are not sufficient to state a claim for a deprivation of an Eighth Amendment right."); *Ashton v. Luzerne Cty. Corr. Facility*, Civ. A. No. 08-1095, 2009 WL 2168730, at *2 ("To violate the Eighth Amendment, conditions of confinement must be dangerous, intolerable or shockingly substandard.") (citing *Riley v. Jeffes,* 777 F.2d 143, 147 (3d Cir. 1985) and *Inmates of Allegheny Cty. Jail v. Piercei,* 612 F.2d 754, 757 (3d Cir. 1979)).  Accordingly, Paris has not alleged a plausible constitutional violation based on the condition of the floor.

The Court also understands Paris to be attempting to bring a constitutional claim based on inadequate medical care.  To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical

treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  Here, Paris alleges that he sought and received medical treatment, so nothing in his Amended Complaint sets forth a factual basis for a plausible deliberate indifference claim.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Paris leave to proceed *in forma pauperis* and dismiss his Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His claims arising out the fall near the elevator are dismissed with prejudice.  As to his claims for inadequate medical care, in an abundance of caution and in light of Paris's *pro se* status, the Court will give Paris an opportunity to file a second amended complaint in the event he can allege a proper basis for a constitutional claim against an appropriate defendant.  Alternatively, Paris may move to withdraw this case without prejudice in the event he seeks to pursue his negligence claims in state court.[5]  An appropriate Order follows.

**BY THE COURT:**

s/Gerald Austin McHugh
United States District Judge

---

[5] The Court renders no opinion on the merits of any such claims.